IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MARTINEZ,

       Plaintiff,                     No. CIV S-06-0088 FCD DAD P

    vs.

LOU BLANAS, et al.,

       Defendants.           <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $3.42 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

1

Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint may be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). At the screening stage, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1   The Civil Rights Act under which this action was filed provides as follows:

2   Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
3   deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
4   law, suit in equity, or other proper proceeding for redress.

5   42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the

6   defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

7   Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

8   "A person 'subjects' another to the deprivation of a constitutional right, within the

9   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

10  omits to perform an act which he is legally required to do that causes the deprivation of which

11  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

12  personnel are generally not liable under § 1983 for the actions of their employees under a theory

13  of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

14  causal link between him and the claimed constitutional violation must be specifically alleged.

15  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

16  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

17  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

18  266, 268 (9th Cir. 1982).

19  The plaintiff in this case is a state prisoner now confined at Avenal State Prison

20  and previously confined at Deuel Vocational Institution.  His complaint concerns conditions of

21  confinement in the Sacramento County Jail when he was confined there in 2004 and 2005.  The

22  defendants are Lou Blanas, then Sheriff of Sacramento County, and one to one hundred persons

23  sued under the fictitious names John and Jane Doe.  Plaintiff's statement of claim is as follows:

24   Approximately 6-7 months after my incarceration in the
Sacramento County Jail on 5/14/04, I contracted a [sic] unknown
25   bacterial disease on my left foot.  I attempted to treat it for a few
days with over the counter drugs & medicines, but the condition
26   worsened.  I utilized the sick-call process and over the next 7

months saw 5 different doctors, took x-rays, cultures, lab tests and twice daily did dressing changes, while at the same time I ingested a variety of different antibiotics which were prescribed by the doctors I saw, and nothing worked.  The redness, pain, swelling, & leaking continued to get worse and I could not even wear a shoe on my left foot.  Despite my repeated requests to see a specialist, I was transferred to prison with this foot condition and are now going through this same superficial treatment & antibiotics which is not helping and my foot is worsening.

The substandard sanitary conditions of the Sacramento County Jail caused this condition.  The physical conditions of the plaintiff's confinement while housed at the Sacramento County Jail constituted a health threat in that the jail failed to take adequate measures to preserve sanitation and to prevent the spread of contagious diseases by providing basic cleaness [sic] at a California health standard, and this was greatly magnified by extream [sic] overcrowding.

Both routine health care & adequate medical care at the Sacramento County Jail, when available at all is flagrantly inadequate, and usually characterized by a callous, deliberate disregard for the health and well-being of the prisoners and for the basic tenets of sound medical practice.

The standard of medical care at Sacramento County Jail is well below those generally accepted as adequate within the jurisdiction of this court and the State of California.  Prisoners housed at Sacramento County Jail are unnecessarily exposed to dangerous medical & contagious conditions.  Defendant had a duty to provide adequate medical care for plaintiff, failed in that duty, and caused unreversable [sic] injury to plaintiff by being deliberately indifferent to plaintiff's serious medical needs & allowing a [sic] injury that could have healed to become a permanent disability.

Plaintiff is informed and believes that Sacramento County Jail Medical Department deliberately forstalls [sic] treatment for serious conditions as a matter of policy & when possible transfers inmates to prison with pending medical conditions in order [to] alleviate expense to county.

(Compl. at 3, 3a & 3b.)  Plaintiff seeks the following relief:

Injunctive relief of a specialist (dermatologist) outside Sacramento County Jail to treat and provide whatever services my disability requires.  Compensatory relief in the form of $550,000.  Punitive damages in the form of $350,000.

(Id. at 3.)

4

Plaintiff's claims concerning jail sanitation and medical care arise under the Eighth Amendment. To state an Eighth Amendment claim, a prisoner must allege facts showing that objectively he suffered a sufficiently serious deprivation of his rights and that subjectively each defendant had a culpable state of mind when he or she caused or allowed the serious deprivation of rights to occur. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Neither accident nor negligence constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986).

In prison- or jail-conditions cases, the culpable state of mind that must be shown by the plaintiff is often one of deliberate indifference to the plaintiff's needs. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 299. However, when the plaintiff alleges that staff failed to protect him from harm or otherwise denied humane conditions of confinement, he must allege facts showing that the defendants knew of and disregarded an excessive risk to his health or safety and deliberately subjected him to a substantial risk of serious harm. Farmer, 511 U.S. at 837. The prisoner must be able to show that each defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that each defendant drew that inference at the relevant time. Id.

When an inmate alleges that jail or prison staff provided constitutionally inadequate medical care, he must allege specific "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A claim of constitutionally inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. The inmate must also allege

5

1 facts demonstrating that each defendant responded to his serious medical need with deliberate
2 indifference.  Allegations demonstrating deliberate indifference are required to satisfy the
3 subjective prong of the two-part test applicable to all Eighth Amendment claims.  <u>Farmer</u>, 511
4 U.S. at 834.

5        Before it can be said that an inmate's civil rights have been abridged with regard
6 to medical or mental health care, "the indifference to his medical needs must be substantial.
7 Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
8 <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at
9 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and
10 "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  <u>Farmer</u>,
11 511 U.S. at 835 (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)).

12        Mere differences of opinion between an inmate and medical staff as to proper
13 medical or mental health care do not give rise to a § 1983 claim.  <u>See</u> <u>Sanchez v. Vild</u>, 891 F.2d
14 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1334 (9th Cir. 1981).

15        Here, plaintiff has sued defendant Blanas on the theory that unsanitary conditions
16 in the jail caused plaintiff's foot infection, that jail medical staff provided inadequate medical
17 care, and that defendant Blanas was responsible for the unsanitary conditions and the inadequate
18 medical care.  Plaintiff's claims against defendant Blanas are based on vague and conclusory
19 allegations that (1) unspecified physical conditions at the jail constituted a health threat, (2)
20 unspecified measures that should have been taken to preserve sanitation and prevent the spread
21 of contagious diseases were not taken, (3) basic cleanliness was not up to California standards,
22 (4) extreme overcrowding was a factor, and (5) medical care, when available, was flagrantly
23 inadequate and characterized by a callous and deliberate disregard for the health and well-being
24 of inmates.  Plaintiff's allegations are cast in terms of the defendant's duty to provide sanitary
25 conditions and better medical care, defendant's breach of that duty, and the injury plaintiff
26 suffered as a result of the breach.

1    The court finds that plaintiff has failed to allege facts demonstrating that the
2 physical conditions of the jail were such that they deprived inmates of humane conditions.
3 Plaintiff has also failed to allege facts demonstrating that defendant Blanas had a culpable state
4 of mind when he caused or allowed such conditions to occur.  Plaintiff's allegations do not
5 support a conclusion that defendant Blanas subjected plaintiff to a deprivation of constitutional
6 rights by performing affirmative acts, participating in the affirmative acts of others, or failing to
7 perform acts he was legally required to do that caused plaintiff to contract a foot infection and
8 receive inadequate medical care for it.  As a supervisory defendant, defendant Blanas cannot be
9 held liable for the actions of jail employees under a theory of respondeat superior, and a causal
10 link between him and the claimed constitutional violations must be specifically alleged.
11 Plaintiff's Eighth Amendment claims against defendant Blanas, as alleged, are legally and
12 factually frivolous and fail to state any claim upon which relief may be granted.

13    Plaintiff has not named any doctors or other medical staff who treated him while
14 he was in the county jail.  If plaintiff wishes to proceed on claims of inadequate medical care at
15 the jail, including such claims against defendant Blanas, he must name medical staff as
16 defendants, allege facts showing that those defendants provided constitutionally inadequate care,
17 and allege facts showing that each such defendant acted with deliberate indifference to a serious
18 medical problem.  At the present time, plaintiff's Eighth Amendment claims against medical
19 staff sued as John and Jane Does are factually and legally frivolous and fail to state any claim
20 upon which relief may be granted.

21    Plaintiff's complaint must be dismissed for failure to state any cognizable federal
22 claim.  The court will, however, grant leave to file an amended complaint.  The Federal Rules of
23 Civil Procedure adopt a flexible pleading policy, and pro se complaints are held to a less
24 stringent standard than complaints drafted by attorneys.  However, even a pro se complaint must
25 give fair notice to the defendants and must allege sufficient details to state the elements of each
26 claim plainly and succinctly.  See Fed. R. Civ. P. 8; see also Jones v. Community Redev.

7

1  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with some degree of
2  particularity specific acts which defendants engaged in that support plaintiff's claims.
3        If plaintiff chooses to file an amended complaint, plaintiff must allege facts
4  demonstrating how the conditions and acts complained of resulted in a deprivation of his federal
5  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended
6  complaint must allege in specific terms how each named defendant was involved in the
7  deprivation of rights.  There can be no liability under 42 U.S.C. § 1983 unless there is an
8  affirmative link or connection between each defendant's actions and the claimed deprivation.
9  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
10 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
11       With regard to plaintiff's request for relief, plaintiff is advised that when an
12 inmate seeks injunctive or declaratory relief concerning an institution where he was incarcerated,
13 his claims for such relief become moot when he is no longer subjected to the conditions at that
14 institution.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365,
15 1368-69 (9th Cir. 1995).  Thus, plaintiff's request for injunctive relief in the form of referral to a
16 specialist outside the Sacramento County Jail and all other services required for his condition is
17 moot with regard to Sacramento County Jail defendants and should not be included in an
18 amended complaint.
19       Plaintiff is informed that the court cannot refer to his prior pleading in order to
20 make an amended complaint complete.  An amended complaint must be complete in itself
21 without reference to a prior pleading.  See Local Rule 15-220.  The amended complaint will
22 supersede the original complaint, and the original complaint will no longer serve any function in
23 this case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  In an amended complaint, just as
24 if it were the original complaint filed in the case, all parts of the form complaint must be
25 completed, all defendants must be named in the caption, and each claim and the involvement of
26 each defendant must be fully alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 13, 2006 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.42. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and this order; the amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint that complies with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 16, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mart0088.14