IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MARTINEZ,

        Plaintiff,                    CIV S-06-0088 ALA P

    vs.

LOU BLANAS, et al.,

        Defendants.            <u>ORDER</u>

_____/

    Plaintiff Robert Martinez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 20, 2007, Plaintiff filed a first amended complaint alleging a violation of Plaintiff's constitutional rights. Examination of Plaintiff's first amended complaint finds that Defendants are employees of a governmental entity.

**I**

    Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke*

1  *v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept
2  [Plaintiff's] allegations as true."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court
3  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts
4  that could be proved consistent with the allegations."  *Id.*

5  "To sustain an action under section 1983, a plaintiff must show (1) that the conduct
6  complained of was committed by a person acting under color of state law; and (2) that the
7  conduct deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick v. Hunter*,
8  466 F.3d 676, 689 (9th Cr. 2006).

## II

10  Plaintiff has alleged that unsanitary and overcrowded conditions at the Sacramento
11  County Jail caused Plaintiff to suffer an infection that was not treated at the jail or at the
12  California State Prison Plaintiff was latter transferred to.  Complaint at 3.  Therefore, Plaintiff
13  has named as defendants the California Department of Corrections and Rehabilitation, and the
14  Sacramento County Sheriffs Department.

15  With respect to the California Department of Corrections and Rehabilitation, the
16  Eleventh Amendment bars suits brought by private parties against a state or state agency unless
17  the state or the agency consents to such suit.  *See Quern v. Jordan*, 440 U.S. 332 (1979);
18  *Alabama v. Pugh*, 438 U.S. 781 (1978) ( per curiam); *Jackson v. Hayakawa*, 682 F.2d 1344,
19  1349-50 (9th Cir. 1982).  Although the Eleventh Amendment is not jurisdictional, the court may
20  raise the defect on its own.  *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 389
21  (1998); *Edelman v. Jordan*, 415 U.S. 651, 677-78 (1974).  In the instant case, the State of
22  California has not consented to suit.  Accordingly, Plaintiff's claims against the California
23  Department of Corrections and Rehabilitation are frivolous and must be dismissed.

24  With respect to the Sacramento County Sheriffs Department, a municipality cannot be
25  held liable under 42 U.S.C. § 1983 based upon a theory of respondeat superior.  *Monell v. Dep't*
26  *of Social Services*, 436 U.S. 658, 691 (1978).  Rather, a municipality can only be held liable

under § 1983 if some official policy adopted by the municipality resulted in a violation of constitutional rights. *Id.* While a policy that causes unsanitary conditions may result in a violation of constitutional rights, Plaintiff must allege such. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1448 (9th Cir. 1989). Here Plaintiff has not alleged that the unsanitary and overcrowded conditions at the Sacramento County Jail were the result of some official policy by the Sacramento County Sheriffs Department. Accordingly, Plaintiff's claims against the Sacramento County Sheriffs Department must be dismissed.

### III

To proceed Plaintiff must file a second amended complaint. Any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. FED. R. CIV. P. 10(B). Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a). If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

3

1     Plaintiff's claims must be set forth in short and plain terms, simply, concisely and
2 directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
3 point of a simplified pleading system, which was adopted to focus litigation on the merits of a
4 claim."); FED. R. CIV. P. 8.

5     Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,
6 speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible
7 defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)
8 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El
9 v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of
10 Civil Procedure is fully warranted" in prisoner cases).

11     A district court must construe pro se pleading "liberally" to determine if it states a claim
12 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an
13 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,
14 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
15 the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell
16 Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

17     The court (and any defendant) should be able to read and understand Plaintiff's pleading
18 within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many
19 defendants with unexplained, tenuous or implausible connection to the alleged constitutional
20 injury or joining a series of unrelated claims against many defendants very likely will result in
21 delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action
22 pursuant to FED. R. CIV. P. 41 for violation of these instructions.

23     An amended complaint must be complete in itself without reference to any prior
24 pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff
25 files an amended complaint, the original pleading is superseded.

26     Plaintiff is admonished that by signing an amended complaint he certifies he has made

4

reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 CAL. ADMIN. CODE § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule Plaintiff risks dismissal of his action.

**IV**

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's March 20, 2007, first amended complaint is dismissed; and

2. Plaintiff is granted thirty-five (35) days from the date of this order to file a second amended complaint. Failure to do so may result in dismissal of this action.

/////

Dated: January 23, 2008

/s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

5