IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MARTINEZ,

    Plaintiff,                           No. CIV S-06-0088 FCD DAD P

    vs.

LOU BLANAS, et al.,

    Defendants.                     <u>ORDER</u>

_____/

        By order filed January 24, 2008, the court dismissed plaintiff's first amended complaint and granted him leave to file a second amended complaint. On March 6, 2008, and again on April 18, 2008, the court granted plaintiff's requests for additional time to file a second amended complaint. However, after time expired and plaintiff failed to file a second amended complaint or otherwise respond to the court's orders, the undersigned issued findings and recommendations, recommending dismissal of this action.

        On July 14, 2008, plaintiff filed objections to the findings and recommendations. Therein, plaintiff requests a stay of this action while he submits his claims to state court. Plaintiff appears to be under the impression that he must submit his claims to state court in order to exhaust available administrative remedies.

/////

1

1  Plaintiff is advised that, under regulations governing prison grievance procedures
2  in California, state prisoners "may appeal any departmental decision, action, condition, or policy
3  which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal.
4  Code Regs. tit. 15, § 3084.1(a). The administrative appeal system progresses from an informal
5  review through three formal levels of review. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. To
6  exhaust available administrative remedies, a California prisoner must file a prison grievance on
7  all claims challenging prison conditions and, as a general rule, proceed to the Director's level of
8  review prior to bringing a § 1983 action on those claims, regardless of whether the relief sought
9  by the prisoner is available through the administrative appeal system. 42 U.S.C. § 1997e(a)
10 ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or
11 any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
12 until such administrative remedies as are available are exhausted.") Exhaustion of available
13 administrative remedies does not typically involve state court review.[1]

14  In light of plaintiff's apparent confusion, the court will grant him a final thirty day
15 extension of time to file a second amended complaint. However, the court will not vacate its
16 findings and recommendations at this time. In addition, the court will not grant any further
17 extensions of time for this purpose. If plaintiff fails to file a timely second amended complaint,
18 the court will forward its findings and recommendations, recommending dismissal of this action,
19 to the assigned district judge.

20  Accordingly, IT IS HEREBY ORDERED that:

21  1. Plaintiff is granted a final thirty days from the date of service of this order to
22 file a second amended complaint. No further extensions of time will be granted for this purpose;
23 and

---

[1] Plaintiff appears to be confusing the exhaustion of administrative remedies requirement in civil rights cases with the exhaustion of state court remedies requirement in habeas corpus cases. In habeas corpus cases, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

1        2. The Clerk of the Court is directed to send plaintiff the court's form for filing a
2 civil rights action.
3 DATED: July 22, 2008.

                                       /s/ Dale A. Drozd
                                       DALE A. DROZD
                                       UNITED STATES MAGISTRATE JUDGE

DAD:9
mart0088.36secamc

3