IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MARTINEZ,

    Plaintiff,                          No. CIV S-06-0088 FCD DAD P

    vs.

LOU BLANAS, et al.,

    Defendants.                    <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint.

        The court finds that plaintiff's second amended complaint appears to state a cognizable claim for relief under the Eighth Amendment Cruel and Unusual Punishment Clause against defendant Blanas. <u>See</u> 42 U.S.C. § 1983 & 28 U.S.C. § 1915A(b). If the allegations of the second amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

        The court also finds that plaintiff's second amended complaint fails to state cognizable claims for relief against defendants Does 1-15. Once again plaintiff has failed to identify any of these defendants by name. The court cannot order service of a complaint on

1

defendants not actually identified by name.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored."). Moreover, as the court previously advised plaintiff, inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In his second amended complaint, plaintiff has failed to allege facts demonstrating that the conduct of any of these Doe defendants rose to the level of deliberate indifference. Specifically, plaintiff failed to allege in specific terms how these defendants were involved in denying him medical care.  As the court previously advised plaintiff, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, the court will not order service of plaintiff's second amended complaint on these defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service of the complaint is appropriate for defendant Blanas.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the second amended complaint filed September 2, 2008.

/////

/////

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for the defendant listed in number 1 above; and

    d. Two copies of the second amended complaint filed September 2, 2008.

4. Plaintiff shall not attempt to effect service of the complaint on the defendant or request a waiver of service of summons from the defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: April 15, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mart0088.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MARTINEZ,

    Plaintiff,

vs.

LOU BLANAS, et al.,

    Defendants.

_____/

No. CIV S-06-0088 FCD DAD P

NOTICE OF SUBMISSION

OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____ <u>one</u> completed summons form;

    ____ <u>one</u> completed USM-285 form; and

    ____ <u>two</u> true and exact copies of the second amended complaint filed September 2, 2008.

DATED: _____.

                                                                    Plaintiff