IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MARTINEZ,

    Plaintiff,                      No. 2:06-cv-0088 FCD DAD (PC)

    vs.

LOU BLANAS,                         <u>ORDER AND</u>

    Defendant.                  <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on a claim raised in plaintiff's second amended complaint, filed September 2, 2008, against defendant Lou Blanas. Specifically, plaintiff claims that his rights under the Eighth Amendment were violated during a period of incarceration at the Sacramento County Jail when he was subjected to "substandard, unsanitary, and inhumane conditions" at the jail which caused him to develop an "unknown fungal or bacterial rash on his left foot." Second Amended Complaint, filed September 2, 2008, at 5-6. This matter is before the court on defendant Blanas' motion for summary judgment. Defendant Blanas seeks summary judgment on the grounds that (1) there are no allegations of his personal involvement in the events complained of; and (2) plaintiff failed to exhaust his administrative remedies prior to

/////

1

1  filing suit as required by 42 U.S.C. § 1997e(a).  Despite receiving a sixty day extension of time,
2  plaintiff has not filed an opposition to the motion.
3       The exhaustion of administrative remedies prior to bringing a prisoner civil rights
4  action is required by 42 U.S.C. § 1997e(a).  The statute provides:

> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement that it imposes is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A prisoner is required to exhaust administrative remedies for claims contained within a complaint before the complaint is filed.  Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010).  Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of an action.  See McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

In support of his motion, defendant has presented evidence that the Sacramento County Jail has a three-level procedure for grieving conditions of confinement at the jail.  At the first level, an inmate sends a "Message Request" form to his floor officer.  See Declaration of Chief James Lewis in Support of Defendant's Motion for Summary Judgment, filed September 28, 2010, at ¶ 3.  If the inmate is dissatisfied with the response received at that level, he may file a formal grievance using a form entitled "Inmate Grievance/Suggestion."  Id. at ¶ 4.  Finally, an inmate may proceed to the third and final level of review by appealing from the response to the formal grievance.  Id. at ¶ 5.  Defendant has also presented evidence that plaintiff did not file any message request, grievance, or appeal of a grievance concerning the events complained of in the civil complaint he filed with this court.  See Declaration of Jillian Kingston in Support of Defendant's Motion for Summary Judgment, filed September 28, 2010, at ¶ 2.  None of this

/////
/////

evidence is disputed by plaintiff.[1]

Based on the foregoing, this court finds that plaintiff failed to exhaust administrative remedies prior to filing this action as required.  For that reason, this action must be dismissed without prejudice.  See McKinney, 311 F.3d at 1200-01.

In accordance with the above, IT IS HEREBY ORDERED that defendant's September 28, 2010 request for judicial notice is denied as unnecessary; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's September 29, 2010 motion for summary judgment be granted; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

/////
/////
/////
/////

---

[1] As defendant notes, in his second amended complaint plaintiff alleges that he exhausted his administrative remedies.  However, plaintiff's assertion in this regard is predicated on grievances he filed at Avenal State Prison and claims filed against the County of Sacramento and with the Victim Compensation and Government Claims Board, not compliance with the Sacramento County Jail grievance procedures.  See Ex. A to Second Amended Complaint.  Defendant's request for judicial notice of the second amended complaint will be denied as unnecessary.  The second amended complaint and its exhibits are a part of the record in this action.

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: March 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
mart0088.57